UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | BETTY MILLER, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) Case No.: CIV-17-26-D |
| | | ) *(formerly Comanche County District* |
| 1) | GEICO INDEMNITY COMPANY, | ) *Court Case No. CJ-2016-756)* |
| | | ) |
| | Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, GEICO Indemnity Company ("GEICO" or "Defendant"), hereby removes the above-captioned action from the District Court of Comanche County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as EXHIBITS **1-3**.

The removal of this case to federal court is based on the following:

## ALLEGED FACTUAL BACKGROUND

1. Plaintiff, Betty Miller ("Plaintiff"), alleges that she was involved in an automobile accident with non-party Baily Jackson ("Jackson") on or about November 25, 2013. (*See* Petition, ¶ 2, EXHIBIT **2**.)

2. Plaintiff alleges at the time of the subject accident, she was insured under an automobile insurance policy issued by GEICO. (*See* Petition, ¶ 4, EXHIBIT **2**.) Plaintiff further alleges that the policy provided uninsured/underinsured motorist ("UM/UIM") coverage. (*See* Petition, ¶ 3, EXHIBIT **2**.)

3.      According to Plaintiff, due to Jackson's negligence, she has "incurred medical expenses, loss of earnings, physical pain and suffering, mental pain and suffering, and property damage." (Petition, ¶ 3, **EXHIBIT 2**.)

4.      Plaintiff alleges that GEICO has breached its contract with her. (*See generally*, Petition, **EXHIBIT 2**.)

5.      Plaintiff also alleges that "through its refusal to uphold the terms of its policy, [GEICO] has failed to deal fairly and in good faith with their [sic] insured." (Petition, ¶ 7, **EXHIBIT 2**.)

6.      Plaintiff further alleges that GEICO's "refusal to uphold the terms of its policy represents an intentional and calculated act of bad faith" entitling her to punitive damages "in an amount to sufficient to adequately punish them, and in an amount sufficient to promote the underlying policies supporting the award of such damages in appropriate cases." (Petition, ¶ 9, **EXHIBIT 2**.)

7.      On November 29, 2016, Plaintiff filed suit against GEICO in the District Court for Comanche County, State of Oklahoma. (*See generally* Petition, **EXHIBIT 2**.)

8.      On or about December 20, 2016, Plaintiff served GEICO through the Oklahoma Insurance Department. (*See* transmittal letter from the Oklahoma Department of Insurance, Legal Department, dated December 20, 2016, **EXHIBIT 4**.)

## JURISDICTION

9.      "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466 (2004)

2

(quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

10.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

11.     However, as shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction.  It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

12.     Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Declarations Page for GEICO Policy No. 0736-93-67-09, **EXHIBIT 5**.)  Plaintiff was not a citizen of the State of Maryland.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

13.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is

presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

14.     At the time of filing, GEICO was a foreign corporation, incorporated under the laws of the State of Maryland, with its "nerve center" or "principal place of business" in Washington D.C.. (*See* NAIC Company Demographics for GEICO Indemnity Co., **EXHIBIT 6**.) Thus, GEICO was deemed to be a citizen of the State of Maryland and of Washington D.C.  GEICO was not a citizen of the State of Oklahoma.

15.     As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C.§ 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

16.     Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00.  *See* 28 U.S.C. § 1332.  While Plaintiff's Petition, on its face, does not demand damages in excess of $75,000.00,[1] it is well recognized that a plaintiff "should not be

---

[1]Plaintiff's Petition does not comply with Oklahoma's Pleading Code.  Title 12 O.S. § 2008 provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract. **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or**

permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006).

17.     In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S.Ct. 547, 553 (2014); *see also Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

18.     As this Court has explained, "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also*

---

**less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).

5

*Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at \*3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

19.     If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[r]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).  When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

20.     Here, although Plaintiff's Petition does not explicitly state she is seeking in excess of $75,000.00, it is clear that the amount in controversy exceeds that required for diversity jurisdiction.   As the Court is well aware, bad faith actions seeking damages in unspecified amounts frequently result in awards in excess of $75,000.00, exclusive of interest and costs.  This alone is sufficient to establish that Plaintiff ***could*** recover in excess of $75,000, and therefore, the amount in controversy requirement is met.

21.     However, if that is not sufficient, Plaintiff has also asserted a claim for punitive damages against GEICO.  (*See* Petition, ¶ 10, **EXHIBIT 2**.)   When punitive damages are

alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. As the Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *See also Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir.

1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

22.    Here, punitive damages have been alleged and are allowed by state law. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1105 (Okla. 2005) ("As applicable to this case, 23 O.S. 2001, § 9.1 provides that a jury may award punitive damages if it finds, by clear and convincing evidence, that an insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured [§ 9.1(B) or an insurer has intentionally and with malice breached said duty. § 9.1(C)(2)."). Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would **under no circumstances** be entitled to recover the jurisdictional amount." 230 F.3d at 978 (emphasis added, internal quotations omitted). The answer to this question *must* be no.

23.    In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that implicates at least Category I Punitive Damages. Category I punitive damages allows a jury upon finding that "the defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00, or the amount of actual damages awarded. 23 O.S. § 9.1(B). Therefore, Plaintiff's request for punitive damages placed in excess of $75,000.00 in controversy.

24.     The United States District Court for the Northern District of Oklahoma's ruling in *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla. 2014), is particularly instructive on this issue.   In that case, the plaintiff was involved in an automobile accident and sought UM/UIM benefits from her insurer.   The plaintiff submitted a claim to her insurer and demanded policy limits.   *Id.* at 990.   After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM/UIM coverage.   *Id.*   Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith.   *Id.*   The plaintiff also sought punitive damages.   As in this case, the plaintiff did not make a demand for a specific sum.   *Id.*   Instead, the plaintiff alleged that she suffered damages in excess of $10,000.00.   *Id.*

25.     When the plaintiff continued to pursue her claims against her insurer, the insurer timely removed the action to the Northern District.   The insurer asserted the plaintiff's policy limits demand combined with her request for punitive damages demonstrated to a preponderance of the evidence that she sought to recover in excess of $75,000.00.   *Id.* at 993.   The plaintiff moved to remand the case.   The court denied the plaintiff's motion.   *Id.* at 993-94.   In doing so, the court concluded:

> Considering the petition and notice of removal together, the court finds that [the insurer] has not merely offered a "conclusory statement" involving punitive damages, but has affirmatively established that the amount in controversy exceeds the jurisdictional limit.   Where [the plaintiff] asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold.   This would require no more than a single-digit ratio of punitive

damages to actual damages, even after [the insurer] deflated the denominator with a $100,000 payment just prior to the initiation of this action. [The plaintiff's] petition, meanwhile, alleges that [the insurer] failed to properly investigate her claim, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. **These allegations supply the required facts supporting [the insurer's] assertion that <u>the value of [the plaintiff's] claim for punitive damages</u> exceeds the amount required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

26.     Here, as in *Singleton*, Plaintiff asserts claims for punitive damages. Also like the plaintiff in *Singleton*, it appears Plaintiff has attempted to avoid this Court's jurisdiction by alleging damages in an undisclosed amount. However, as this Court is well aware, at trial, Plaintiff clearly intends to seek damages in excess of $75,000.00. *See Murchinson v. Progressive Northern Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. The court *knows* that the parties themselves know it.")

27.     GEICO has demonstrated that amount in controversy exceeds $75,000.00 and Plaintiff ***could*** recover in excess of $75,000.00.

28.     Therefore, the amount in controversy is also met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

29.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Plaintiff served GEICO, through the Oklahoma Insurance Department, with this

lawsuit on or about December 20, 2016.  As such, 30 days have not elapsed since this action became removable to this Court.  Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on November 29, 2016, **EXHIBIT 2**.)

30.     Next, federal statute requires that none of the parties served as defendants be citizens of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b).  GEICO, the only named defendant, is not a citizen of the State of Oklahoma, the state in which this action was brought.

31.     This action has been removed to the proper Federal District Court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Comanche County, State of Oklahoma.  The Western District of Oklahoma includes the County of Comanche County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

32.     Pursuant to 28 U.S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiff, and GEICO has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Comanche County, State of Oklahoma.

WHEREFORE, Defendant, GEICO Indemnity Company, removes this action from the District Court in and for Comanche County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully Submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Billy D. Griffin, Esquire
Jason B. Reynolds, Esquire

s/ Erin J.  Rooney
For the Firm


I hereby certify that on January 9, 2017, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Mr. Robert Morales
Logan County Court Clerk
315 Southwest 5th Street
Lawton, Oklahoma 73501

s/ Erin J.  Rooney
For the firm